UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AUTUMN MARCHANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00093-JRS-DLP |
| ) | |
| KRISTA COX, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Denying Medical Defendants' Motion for Summary Judgment
and Directing Further Proceedings**

Plaintiff Autumn Marchant, an inmate at the Rockville Correctional Facility ("Rockville"), brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendants violated her Eighth Amendment rights by failing to provide her with treatment and care for her asthma and multiple food allergies. Defendants Michael Natalie, Dr. Sexton-Cox, and Theresa Auler (the "Medical Defendants") move for summary judgment arguing that Ms. Marchant failed to exhaust her available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before she filed this lawsuit. For the following reasons, the Medical Defendants' motion for summary judgment is denied and the Medical Defendants are directed to show why summary judgment on the issue of exhaustion should not be entered in Ms. Marchant's favor.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing

that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II. Facts

During Ms. Marchant's incarceration at Rockville, Rockville had an offender grievance system in place. Dkt. 64-1 ¶ 6. Under the offender grievance program, offenders can grieve actions of individual staff, including claims that facility staff were deliberately indifferent to their medical needs or that staff retaliated against them. *Id.* ¶ 9.

A. *The Grievance Process at Rockville*

The grievance process begins with the informal resolution process.[1] *Id.* ¶ 10. Within five working days of the date of an incident, the offender should attempt to resolve the incident informally. *Id.* If the offender has been unable to resolve her concern informally, the offender can file a formal grievance. *Id.* ¶ 11. The grievance must be filed no later than 20 working days from the date of the incident giving rise to the complaint or incident. *Id.* If the offender does not agree with the response to the grievance, she has the right to file an appeal. *Id.* ¶ 14. The appeal must be submitted within 10 working days from the date of the response. *Id.*

The records maintained by IDOC and Rockville document whether an offender attempted an informal grievance and filed a grievance or grievance appeal. *Id.* ¶ 30. IDOC and Rockville

---

[1] The grievance process was amended during the timeframe applicable to Ms. Marchant's claims. *See* Dkt. 65-1 ¶ 16. But a general description of the process is sufficient for resolving the motion for summary judgment.

records also document when a grievance was filed, the response the offender received from the facility, how far through the grievance process the offender pursued her claims, and the ultimate resolution of the grievance. *Id.*

B. *Ms. Marchant's Grievance History*

The IDOC Records Retention Schedule states that grievance records (other than those filed with the official offender record) may be destroyed after three years from the date of the grievance resolution. *Id.* ¶ 31.

The parties agree that Ms. Marchant filed two formal grievances in 2012. Dkt. 75-1, pp. 20-22. In her grievance dated April 26, 2012, Ms. Marchant requested a CPAP machine and help with her food allergies through a diet if possible. *Id*. p. 20. In her second grievance, on July 7, 2012, Ms. Marchant requested a "diet free of all food allergies." *Id.* p. 22. On July 19, 2012, Executive Assistant S. White wrote "I'm speaking with Corizon they will be sending Aramark a copy of all allergy problems." *Id.*

Ms. Marchant did not file any grievances related to the claims in this case between 2014 and 2016. Regarding her medical care in 2013, 2014, and 2015, Mr. Marchant testified:

> Q. I've seen the health care request forms that you've submitted in 2013, 2014, you know, about the issues related to the allergies and your diet and your asthma. Did you feel that the staff appropriately responded to your requests for health care?
>
> A. The staff at the time, I felt, had, so there was no reason to pursue once I tried to resolve it back then. But when everything was discontinued from 2014 through 2017, I made multiple attempts to get it reinstated, I was denied, and so I took further steps.

Dkt. 107-1 p. 16.[2]

She further testified:

---

[2] References to Ms. Marchant's deposition are to the page number of the deposition transcript, not the page number in CM/ECF.

>Q. [W]hy didn't you file a formal grievance in 2014, 2015, or 2016, if you were unhappy with the responses you were getting to your healthcare request forms?
>
>A. Because in 2012, Ms. Sassin, grievance counselor at the time, told me verbally that she would not accept another grievance form on the same ongoing issue, and she would have deemed me frivolous, abusing grievance process per policy. So I had no alternative to regrieve what I've already grieved. I'm not allowed, under PLRA, to grieve remedies and relief. I can only grieve situations. And it's the same ongoing situation. Therefore, it would be malicious and ongoing and abusive of the grievance policy.

*Id.* p. 17-18.

Ms. Marchant submitted an informal grievance on February 20, 2017 related to allergy testing and medication. Dkt. 64-1 ¶ 32. Ms. Marchant then formal grievance regarding her allergy complaint and her request for asthma medication on March 9, 2017. Dkt. 75-1 p. 1. The formal grievance was investigated, and a response was returned to Ms. Marchant on March 21, 2017. Dkt. 64-1 ¶ 32. Ms. Marchant disagreed with the response and filed an appeal. *Id*. The appeal was investigated, and a response was returned Ms. Marchant on April 11, 2017. *Id.* Ms. Marchant has not had any other grievances accepted since March 14, 2017. *Id*.

### III. Discussion

The defendants seek summary judgment arguing that because Ms. Marchant did not file any grievances between 2014 and February 2017, she failed to exhaust her available administrative remedies for all claims that occurred before February 2017.

The PLRA requires that a prisoner exhaust her available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative

4

system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 39, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

The defendants argue that Ms. Marchant did not comply with the grievance process as to any claim related to care before February of 2017 because the grievance process requires an attempt at informal resolution within five days of an incident. Ms. Marchant argues that she attempted the grievance process in 2012, but was denied and that the grievance counselor told her that she would not accept another grievance on the diet issue. Dkt. 107-1 p. 17-18. She goes on to argue that her asthma was under control from 2012 until 2014 and that it was not necessary to pursue multiple grievances with ongoing diet issues once she received an order for a medical diet.

First, to the extent that Ms. Marchant testifies that the grievance counselor told her that she would not accept any more grievances on the diet issue, dkt. 107-1, p. 17-18, she has provided evidence that prison officials made the grievance process unavailable to her. *See Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016) (administrative remedies become unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."). The defendants have failed to rebut this testimony and

therefore have failed to meet their burden to show that the grievance process was available to Ms. Marchant, at least in 2012.[3]

Moreover, because Ms. Marchant's conditions are ongoing, and not acute, the defendants have failed to show that Ms. Marchant's 2017 grievance served to exhaust her available administrative remedies only as to treatment she received immediately before she filed that grievance. To the contrary, at least for purposes of the exhaustion defense, because her conditions are ongoing, "a grievance that identifies the persistent failure to address [those conditions] must be considered timely as long as the prison officials retain the power to do something about it." *Ellis v. Vadlamudi*, 568 F.Supp. 2d. 778, 783-84 (E.D. Mich. 2008); *see also Meeks v. Suliene*, No. 11-C-0054, 2012 WL 5985482, at *3 (E.D. Wis. Nov. 29, 2012) (finding that a grievance filed in October of 2010 was sufficient to exhaust available administrative remedies for all claims relating to an ongoing condition, explaining "Meeks' claims of deliberate indifference should not be viewed as isolated incidents, but as an allegation of inadequate medical care over the course of years by multiple prison healthcare staff members."); *cf. Jervis v. Mitcheff*, 258 F. App'x 3, 5–6 (7th Cir. 2007) ("Deliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate is released.").

In short, because Ms. Marchant's alleged need for a diet that accommodates her allergies and treatment for asthma are both ongoing conditions, the fact that she filed grievances in 2017 does not limit her claims in time to actions taken directly before that grievance. The defendants therefore have failed to meet their burden to show that she did not exhaust her available administrative remedies.

---

[3] The Court expresses no opinion on the timeliness of any claim based on care provided in 2012.

## IV. Conclusion and Rule 56(f) Notice

For the foregoing reasons, the medical defendants' motion for partial summary judgment on the affirmative defense that Ms. Marchant failed to exhaust her available administrative remedies for claims that predate February 2017, dkt. [63], is **denied**. Moreover, the current record before the Court shows that Ms. Marchant is entitled to summary judgment on the defendants' affirmative defense of exhaustion. Therefore, **pursuant to Rule 56(f)(1), the Court gives the defendants notice of its intent to grant summary judgment in the plaintiff's favor on this issue**. The defendants have **through September 4, 2020**, in which to respond to the Court's proposal. Alternatively, the defendants may withdraw his affirmative defense by this date.

Ms. Marchant's motions to submit affidavits, dkt. [91], and dkt. [94], are **granted**. Ms. Marchant's motion to supplement response, dkt. [99], is **granted**.

**IT IS SO ORDERED.**

Date: 8/4/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AUTUMN MARCHANT
224851
ROCKVILLE - CF
ROCKVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872

All Electronically Registered Counsel