UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

AUTUMN MARCHANT,                           )
                                           )
                     Plaintiff,            )
                                           )
          v.                               )        No. 2:19-cv-00093-JRS-DLP
                                           )
KRISTA COX, et al.                         )
                                           )
                     Defendants.           )

**Order Denying Motion for Preliminary Injunction**

Plaintiff Autumn Marchant, an inmate at Rockville Correctional Facility, brought this civil

rights lawsuit alleging that the defendants exhibited deliberate indifference to her need for

treatment for allergies and asthma. She seeks a preliminary injunction in the form of an order

directing the defendants to prescribe her a "full medical diet." Dkt. 117. For the reasons that follow,

the motion for a preliminary injunction is **denied**.

**I. Factual Background**

Ms. Marchant claims she suffers from asthma and multiple food allergies, including barley,

blueberry, cabbage, green bean, pork, lettuce, black pepper, watermelon, mushroom, shellfish,

cow's milk, plum, green pepper, tomato, cucumber, pineapple, peanut, and walnut. Dkt. 117-1 ¶ 5.

When she consumes these foods, she experiences severe abdominal pain, diarrhea, profuse

sweating, blotchy red skin or hives, pale clammy skin, itchy skin, dizziness or lightheadedness,

nausea, headaches, trouble breathing and shortness of breath, bloating, and gas, among other

symptoms. *Id.* ¶ 6.

Ms. Marchant underwent skin prick allergy testing in 2010 to detect the presence of food

and other allergies. Dkt. 120-1 ¶ 3; dkt. 120-2.  In a skin prick test, a patient's skin is exposed to

several potential allergy-inducing substances, and the skin is then observed for sign of an allergic reaction. Dkt. 120-1 ¶ 4. In addition, histamine and saline are tested as control measures. *Id.* Most people have some reaction to histamine while saline typically produces no reaction. *Id.* After the substances are scratched into the surface of the skin, the next step is to wait roughly 15-30 minutes to see if any reactions occur. *Id.* If a reaction occurs, the bump (the "wheal") and surrounding inflamed, red skin (the "flare") are measured in millimeters. *Id.* The larger the wheal and flare, the higher the sensitivity to the substance. *Id.* The mere presence of a wheal and flare do not indicate an allergy. *Id.* The size of the wheal and flare are compared to the histamine prick since the histamine prick is designed to elicit a mild response. *Id.*

In Ms. Marchant's 2010 skin prick test, the histamine reaction measured at 9 mm. *Id.* ¶ 6. Cabbage, green beans, watermelon, and peanuts were the only foods which produced reactions larger than 9 mm. *Id.* These reactions were minimal, especially when compared to Ms. Marchant's seasonal allergy to ragweed, which produced flares between 25 and 40 mm. *Id.* The 2010 skin prick test revealed that Ms. Marchant has a very slight sensitivity to cabbage, green beans, watermelon, and peanuts. *Id.* Such sensitivity would not produce allergic reactions. *Id.* The wheals and flares for these foods were not large enough to qualify as food allergies because they were only slightly larger than the control response. *Id.*

Since April 2020, Ms. Marchant has had six visits with medical providers. She has not presented at these visits with signs or symptoms consistent with a food allergy. Dkt. 120-1 ¶ 12. She has also maintained a relatively stable weight during that time. *Id.* ¶ 13; dkt. 120-4 p. 2 (weight

155 pounds), 5 (weight 155 pounds), 8 (weight 152 pounds), 12 (weight 152 pounds), 15 (weight 151 pounds).[1]

Ms. Marchant has been diagnosed with "mild persistent asthma" that has been treated with Singulair and an inhaler. Dkt. 120-4 p. 16. She has also undergone a pulmonary function test and her peak expiratory flow ("PEF") measured at 83%, which is within normal limits. Dkt. 120-1 ¶ 16; dkt. 120-4 p. 16. She contends that without Singulair, she needs frequent nebulizer treatments and must increase the use of her inhaler. Dkt. 117-1 ¶ 6. She states that the last acute attack she experienced was in January 2020. *Id.* ¶ 9. Dr. Marchino renewed Ms. Marchant's Singulair order and nebulizer treatments as needed. *Id.* The nebulizer pass was not renewed due to COVID-19, but when Ms. Marchant needs treatment, she receives "an order to assess with peak flows and listening of chest." *Id.* ¶ 10.

## II. Preliminary Injunction Standard

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To obtain a preliminary injunction, a plaintiff must show that: (1) without this relief, [she] will suffer 'irreparable harm'; (2) 'traditional legal remedies would be inadequate'; and (3) [she] has some likelihood of prevailing on the merits of [her] claims." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quoting *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). "If the plaintiff fails to meet any of these threshold requirements, the court must deny the injunction." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (quotation and citation omitted).

---

[1] Ms. Marchant also had a weight measurement of 180 during this time period. Dkt. 120-1 p. 19. But the Medical Direct at Rockville believes this is a typo in the medical records. Dkt. 120-1 ¶ 13. Ms. Marchant appears to agree that she did not weight 180 pounds. Dkt. 122 ¶ 16.

### III. Discussion

Ms. Marchant is not entitled to injunctive relief because she has not shown that she will suffer irreparable harm or that traditional legal remedies are inadequate. Irreparable harm is "harm that 'cannot be repaired' and for which money compensation is inadequate." *Orr v. Shicker*, 953 F.3d 490, 502 (7th Cir. 2020) (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997)). This means that the plaintiff must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Mays*, 974 F.3d at 822 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S 7, 20 (2008) (emphasis in *Winter*)). Similarly, to show that traditional legal remedies are inadequate, the plaintiff must show that any award "would be 'seriously deficient as compared to the harm suffered.'" *Whitaker by Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1046 (7th Cir. 2017) (quoting *Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003)).

#### 1. Allergies

The defendants oppose Ms. Marchant's motion for a preliminary injunction arguing that the 2010 skin prick test does not show that she suffers from the allergies that she alleges. Ms. Marchant disputes the evidence regarding the results of her 2010 skin prick test, arguing that she is, in fact, allergic to the 18 foods she has identified. She further argues that she experiences gastrointestinal pain and other symptoms when she consumes those foods and that she is often unable to avoid them because her work prevents her from eating lunch and sometimes dinner in the dining hall. Dkt. 114 ¶ 4. However, she also states that she has been able to obtain acceptable foods from commissary. Dkt. 122 ¶ 14. And, her medical records indicate that her weight remained stable during 2020 and that she has not sought medical care for her alleged allergies during 2020. Dkt. 120-1 ¶ 12; dkt. 120-4 p. 2, 5, 8, 12, 15. While she states that defendant Dr. Cox threatened

4

to retaliate against her if she continued to complain about her allergies and her diet, she states that this statement was made in 2017. Dkt. 120 ¶ 9. Dr. Cox has not worked at Rockville Correctional Facility since December 2019. Dkt. 104-3 ¶ 2. Thus, the evidence reflects that Ms. Marchant has been able to manage her condition through commissary foods and that nothing presently hinders her from seeking care for her alleged allergies. These are not circumstances in which she has shown irreparable harm or inadequate remedy at law.

### 2. Asthma

Ms. Marchant has also not shown that she will suffer irreparable harm on her asthma claims. While she alleges that her asthma treatment had been discontinued, she recognizes that she currently has a Singulair prescription and, while she does not have a nebulizer pass, she receives attention for breathing problems when she requests it. Dkt. 117-1 ¶ 9, 10. She therefore has not shown that she will suffer any irreparable harm if she is not granted injunctive relief on her asthma claims.

### IV. Conclusion

As discussed above, Ms. Marchant is not entitled to preliminary relief and her motion for a preliminary injunction, dkt. [116], is **denied**. Her motions to submit additional evidence, dkt. [121], and dkt. [125], are **granted** to the extent that that evidence was considered in reaching this ruling.

**IT IS SO ORDERED.**

Date: 7/20/2021

_____

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

AUTUMN MARCHANT
224851
ROCKVILLE - CF
ROCKVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872

All Electronically Registered Counsel